UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLTON NANCE,

                    Petitioner,

vs.                                Case No.  2:05-cv-437-FtM-29DNF

STATE OF FLORIDA,

                    Respondent.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner, Carlton Nance, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on September 11, 2005[1].  The Petition herein challenges Petitioner's August 30, 1976 state court judgment of conviction for robbery that was entered in the Twentieth Judicial Circuit Court, Lee County, Florida, after a jury trial (case no. 76-115-CF)(Exh. #1).[2]  Petitioner was sentenced to forty years imprisonment (Exh. #2).  The Petition sets forth four grounds for relief.  Essentially Petitioner challenges that the sentence

---

[1] The Petition (Doc. #1) was filed in this Court on September 14, 2005; however, the Court deems the Petition filed when delivered to prison authorities for mailing.  Absent evidence to the contrary, this date is assumed to be the date the inmate signed the petition  (September 11, 2005).  See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  If applicable, the Court also will give Petitioner the benefit of the mailbox rule with respect to any state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The Court will hereinafter refer to the exhibits filed in paper format by Respondent, which are referenced in and submitted in support of Respondent's Response to the Petition, (Doc. #8) as "Exh."

imposed by the circuit court was illegal in that it exceeded the thirty (30) maximum permitted for a second degree felony.

Although not entirely clear, it appears that Petitioner filed a collateral attack of his conviction that was *per curiam* affirmed on September 21, 1990, prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996. Nance v. State, 567 So.2d 439 (Fla. 2d DCA 1990). Petitioner filed no other post conviction motions until June 2, 2004, when Petition filed a Rule 3.80 motion to correct an illegal sentence (Exh. #3). The motion was denied by the circuit court on January 24, 2005 (Exh. #4), and *per curiam* affirmed on May 18, 2005 by the appellate court (Exh. #5). Nance v. State, 906 So. 2d 1071 (Fla. 2d DCA 2005). Mandate issued on July 7, 2005 (Exh. #8). On July 17, 2005, Petitioner filed a state petition for writ of habeas (Exh. #9), which was denied by the appellate court on July 28, 2005 (Exh. #10). Nance v. State, 910 So. 2d 269 (Fla. 2d DCA 2005).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent contends that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondent's Response to Order to Show Cause (Doc. #7) at 3. Respondent submits exhibits in support of its Response (Doc. #8). Petitioner was given admonitions and a time frame to file a Reply to the Response. See June 30, 2006 and August 18, 2006 Orders of

Court (Docs. #6 and #10).  On August 28, 2006 Petitioner filed a
Reply to Respondent's Response (Doc. #11).

Since Petitioner did not directly appeal his conviction, his
state conviction became final on September 30, 1976 (after the
thirty-day time period for filing an appeal expires).
Consequently, Petitioner's conviction was final <u>before</u> the
effective date of the one-year AEDPA's limitations period.
Accordingly, the one-year limitations period in Petitioner's case
did not start to run until April 24, 1996.  <u>See</u> <u>Guenther v. Holt</u>,
173 F.3d 1328, 1331 (11th Cir. 1999) ("For prisoners whose
convictions became final prior to the effective date of the AEDPA,
the one-year statute of limitations instituted by the AEDPA began
to run on its effective date, i.e., April 24, 1996.") (citations
omitted), <u>cert. denied</u>, 528 U.S. 1085 (2000).  Thus, Petitioner's
one-year time period for filing a federal habeas challenging his
conviction expired on April 24, 1997.  The Petition, filed in this
Court on January 7, 2003, would be untimely unless Petitioner could
avail himself of one of the statutory provisions which extends or
tolls the one-year time period.

_____Here, Petitioner did not file any motions for post conviction
relief until well <u>after</u> the expiration of the federal one-year
limitation period had expired.  Consequently, the subsequent
motions for post conviction relief filed by Petitioner, whether
timely filed under Florida law or whether properly filed or not, is
inconsequential for purposes of determining the timeliness of the

-4-

Petition *sub judice*.  "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)).

In his Reply, Petitioner does not articulate any justifiable reason[3] why the dictates of the one-year limitations period should not be imposed upon him.  The Court further finds that Petitioner has not alleged nor made a showing of actual innocence.  He has failed to present any new evidence which would establish that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt.  See Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence")(citations omitted).

---

[3] Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005).  The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)(citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily.  Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted).

Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.   The case is **DISMISSED** with prejudice.

2.   The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of December, 2006.


JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record

-6-